IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SIDNEY E. PENMAN** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **1:04CV37LG-RHW** |
| | § | |
| **JOHN W. SNOW, SECRETARY** | § | |
| **U.S. DEPARTMENT OF THE** | § | |
| **TREASURY** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THIS COURT is the Motion of the Defendant, John W. Snow, Secretary of the Department of the Treasury, to Dismiss[1] and for Summary Judgment [33], filed in the above-captioned cause on August 3, 2005. Plaintiff filed a response on August 19, 2005, followed by Defendant's rebuttal filed on January 6, 2006. In this action, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, Plaintiff contends that his employer, the Internal Revenue Service, an agency of the Department of the Treasury, discriminated against him based upon age, race and sex, and created a hostile working environment. Plaintiff also asserted state law claims of infliction of emotional distress and negligent hiring/retention. For the reasons set forth below, the Secretary's motion for summary judgment should be granted on Plaintiff's Title VII claims of race and gender discrimination, and should be denied on Plaintiff's age discrimination claim. In addition, because the Plaintiff conceded that he cannot establish his hostile working environment claim

---

[1]The motion to dismiss was based upon a failure to serve the Defendant. The Court granted the Plaintiff additional time to serve on March 31, 2006. The Plaintiff filed proof of service on April 7, 2006. Therefore, the motion to dismiss is now moot.

and his state law claims, the Defendant's motion for summary judgment on those claims must be granted.

## FACTS AND PROCEDURAL HISTORY

The Plaintiff, Sidney E. Penman, a fifty-eight year old African-American male, began working for the Internal Revenue Service in 1994 as a Tax Collection Specialist in St. Louis, Missouri. He later advanced to the position of Customer Service Representative. In May 2001, Penman was selected to train for a position as a Revenue Officer in Gulfport, Mississippi. Upon successfully completing a one-year Revenue Officer training program, Penman would be promoted to Revenue Officer. Penman began his training on June 18, 2001. Penman was one of four Revenue Officer trainees. The other trainees were "Sam Johnson, a thirty-one year old white male; Shelley Babcock, a forty-six year old white female; and Melinda Christoforo, a forty-six year old white female." (Def.'s Br. in Supp. of Mot. for Summ. J., pp. 4-5, filed Aug. 3, 2005.) Penman's immediate supervisor during the training program was Mimi Parker, a forty-two year old African-American female. Parker's immediate supervisor was Diana Page, a fifty-five year old white female. In June 2002, Parker recommended that Penman "not be certified for promotion to Revenue Officer," (Def.'s Br., p. 6.), but recommended that the other three trainees be promoted.

On January 23, 2004, Penman filed his complaint in this Court, alleging that the Defendant discriminated against him based upon his age, sex, and race. He also claimed that he was subjected to a hostile working environment. In addition, Penman asserted state law claims of infliction of emotional distress and negligent hiring/retention. On August 3, 2005, the Defendant filed his motion to dismiss or for summary judgment. According to Defendant,

he is entitled to a dismissal of Penman's state law tort claims because he is entitled to sovereign immunity and because Penman's state law tort claims are preempted by Title VII. The Defendant also contends that he is entitled to summary judgment on Penman's Title VII disparate treatment claims because "he cannot show that he was treated less favorably than others similarly situated." (Def.'s Br., p. 20.)  In addition, the Defendant contends that he is entitled to summary judgment on Penman's hostile work environment claim because Penman cannot show that his working environment was hostile or abusive.  Lastly, the Defendant contends that he is entitled to summary judgment on Penman's ADEA claim because Penman cannot show that he was not selected for promotion based upon his age.  In Penman's response, he concedes that his state law claims are preempted by Title VII, and that with regard to his hostile working environment claim, the actions of the "defendant's managers did not rise to the level necessary to make this claim actionable." (Pl.'s Resp. Br., p. 1 n.1, filed Aug. 19, 2005.)  Therefore, these claims should be dismissed.  In his response, Penman argues that the Defendant is not entitled to summary judgment on his remaining claims of age, race and sex discrimination.

DISCUSSION

STANDARD FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56:

     FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  Summary judgment "is not a catch penny contrivance to take unwary

litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth.  Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Catrett*, 477 U.S. at 324-25, 106 S.Ct. at 253-54.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

<u>TITLE VII CLAIM BASED UPON RACE DISCRIMINATION</u>:

  Penman contends that the IRS discriminated against him on the basis of race by failing to promote him to the position of Revenue Officer.  According to Penman, Page told him that "'because of [his] color [he] would have trouble dealing with people out there and collecting money' for the IRS as a Revenue Officer." (Pl.'s Br., p. 20, *quoting* Pl.'s Dep., p. 128, Ex. 5, Def.'s Mot. for Summ. J.)  Penman claims that this comment is direct and circumstantial evidence of racial discrimination.

  The Defendant denies that this remark is either direct or circumstantial evidence of race discrimination.  Instead, the Defendant contends that the remark is simply a stray remark "from

which no reasonable fact-finder could infer race discrimination." (Def.'s Reply Br., p. 6, filed Jan. 6, 2006.) In addition, the Defendant notes that Penman "repeatedly testified during his April 6, 2005, deposition that no one with the Internal Revenue Service, *including Ms. Parker*, ever told him that his race played a role in the decision not to promote him to Revenue Officer." (Def.'s Reply, p. 6, *citing* Def.'s Br. in Supp. of Mot., pp. 26-27, filed Aug. 3, 2005, *quoting* Penman Dep., pp. 131-32.)

A Title VII plaintiff may establish his case by direct or circumstantial evidence. "Direct evidence is evidence which, if believed, proves the fact without inference or presumption." *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citation omitted). "If [a plaintiff] presents credible direct evidence that discriminatory animus at least in part motivated, or was a substantial factor in the adverse employment action, then it becomes the employer's burden to prove by a preponderance of the evidence that the same decision would have been made regardless of the discriminatory animus." *Jones*, 427 F.3d at 992, *citing Brown v. East Miss. Elec. Power Ass'n,* 989 F.2d 858, 861 (5th Cir.1993) (*citing Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)). If a plaintiff produces only circumstantial evidence of discriminatory animus, he "must negotiate the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green.*" *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005) (citation omitted). The *McDonnell Douglas* analysis for a failure to promote claim requires the following:

> [T]o overcome a motion for summary judgment . . ., the plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination. . . . A prima facie case of discrimination in a failure to promote . . . case consists of four elements: (1) the employee is a member of the protected class; (2) he sought and was qualified for the position; (3) he was rejected for the position; (4) the employer continued to seek applicants with the plaintiff's qualifications. . . . The prima facie case, once

>established, raises an inference of intentional discrimination, and the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. . . . If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual. . . . Once a Title VII claim reaches this pretext stage, "the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination."

*Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 354-55 (5th Cir. 2001) (citations omitted).  Because Penman claims that he was treated differently than the other trainees, he may establish the fourth element by showing "that others similarly situated were treated more favorably."  *Okoye v. Univ. of Tex. Houston Health Science Center*, 245 F.3d 507, 513 (5th Cir. 2001) (citations omitted).

Penman contends that Page's comment that "'because of [Penman's] color, [he] would have trouble dealing with the people out there collecting money' for the IRS as a Revenue Officer," is direct evidence of discrimination.  To determine whether this comment is sufficient evidence of discrimination, the Court must consider whether the comment is "'1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue.'"  *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 222-24 (5th Cir. 2001), *quoting Krystek v. Univ. of S. Miss.,* 164 F.3d 251, 256 (5th Cir. 1999) (alteration in original) (*quoting Brown v. CSC Logic, Inc.,* 82 F.3d 651, 655 (5th Cir.1996).  The comment references Penman's color and is therefore related to the protected class of persons of which Penman is a member.  In Penman's deposition, he stated that this comment was made several times, including right before his dismissal.  (Penman Dep., p. 128, Ex. 5, Def.'s Mot. for Summ. J.)  Because Page made the comment right before Penman's dismissal, the comment was proximate in time to his termination.  The comment was made by

6

Page, who made the decision to not certify Penman as a Revenue Officer. (Penman Dep., p. 133.) The comment, however, was not related to the employment decision at issue. Page stated that Penman may have trouble collecting money for the IRS. She did not say that he could not perform the job duties because of his race, or that because of his race, she would not recommend him for a Revenue Officer position. For this reason, Penman has failed to show that this comment is direct evidence of racial discrimination. Penman must therefore establish a prima facie case of discrimination to defeat summary judgment.

Because the Defendant does not dispute that Penman meets the first three elements of a prima facie case, the Court must only determine whether Penman can show that others similarly situated were treated more favorably. "[T]o establish disparate treatment a plaintiff must show that the employer 'gave preferential treatment to [] [another] employee under "nearly identical" circumstances'; that is, '"that the misconduct for which [the plaintiff] was discharged was nearly identical to that engaged in by . . . [other] employee[s].""" *Okoye v. Univ. of Tex. Houston Health Science Center*, 245 F.3d 507, 514 (5th Cir. 2001) (citations omitted). "Or put another way, the conduct at issue is not nearly identical when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer." *Wallace*, 271 F.3d at 221.

According to Penman, the other three Revenue Officer trainees were treated more favorably because they received a promotion to Revenue Officer, but he did not. The Defendant contends, however, that the other trainees were not similarly situated based upon the following:

> At the time of his non-selection, the plaintiff's job performance had been at an unacceptable level for several months, while the other three trainees had performed

7

> their work at acceptable levels.  The plaintiff had repeatedly failed to demonstrate understanding and to make progress, while the other three trainees excelled.  The plaintiff had exhibited a tendency to not follow instructions and directions, while his fellow trainees were noted to be compliant and cooperative.  The plaintiff's casework was full of errors and showed inattention, while his co-workers' casework was found to be exemplary.  A simple comparison of the plaintiff's training records and case reviews, Motion Ex. 13, to those of the other three trainees, Motion Exhs. 14-16, reveals that plaintiff's circumstances were certainly not similar, much less nearly identical, to those of his fellow trainees.

(Def.'s Br., pp. 20-21, filed Aug. 30, 2005.)  In support of his contention, the Defendant provided various memoranda and performance reports documenting the performance of Penman and the other three trainees.  The reports and memoranda clearly indicate that the performance of Penman was not nearly identical to the performance of the other three trainees.  For this reason, Penman has failed to show that the other trainees were treated more favorably; consequently, he has failed to establish a prima facie case of racial discrimination.

Assuming *arguendo* that Penman established a prima facie case, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for his decision to not promote Penman to Revenue Officer.  The Defendant has met his burden by stating that the reason for not certifying Penman for promotion to Revenue Officer was his unacceptable performance.

Because the Defendant has satisfied his burden, Penman must prove that the proffered reason is pretextual.  To meet his burden, Penman "must produce substantial evidence of pretext," and "must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates."  *Wallace*, 271 F.2d at 220 (citations omitted).  To rebut the Defendant's nondiscriminatory reason for not promoting him, Penman claims that he was not provided "the same training opportunity as did the three other trainees." (Pl.'s Br., p. 23.)  Penman claims that he was not provided critical access codes nor was he provided a working computer.

8

Penman provided an affidavit from a former IRS employee who stated that these items were essential to "successful training and job performance." (Pl.'s Br., p. 23.)  Penman has failed, however, to show how the Defendant's failure to provide access codes and a working computer caused him to have the performance problems as documented by the IRS.  (Ex. 13, Def.'s Mot. for Summ. J.)  Penman's assertion is simply insufficient to rebut the Defendant's reason for not promoting him.

Penman also contends that Page's statement to him is evidence that the reason for not promoting him is pretextual.  As discussed above, Page commented that "because of [Penman's] color [Penman] would have trouble dealing with people out there and collecting money." (Pl.'s Br., p. 23.)  Because Penman failed to rebut the Defendant's proffered reason, Page's comment "must satisfy the test . . . laid out in *Brown v. CSC Logic, Inc.,* 82 F.3d 651 (5th Cir.1996), in order to constitute sufficient evidence of discrimination." *Wallace*, at 222. As the undersigned determined above, however, the comment does not satisfy the test, and accordingly is not sufficient evidence of racial discrimination.  For this reason, Penman has failed to show the existence of a material fact question on his claim of racial discrimination. Defendant's motion for summary judgment should therefore be granted.

<u>TITLE VII CLAIM BASED UPON GENDER DISCRIMINATION:</u>

The Defendant contends that it is entitled to summary judgment on this claim as well. Like Penman's racial discrimination claim, the Defendant does not dispute that Penman can establish the first three elements.  The Defendant does contend that Penman cannot establish the fourth element because he cannot show that he was treated differently than the other three trainees.  Penman has provided no evidence that tends to show that the Defendant treated him

9

differently because of his gender. Penman has therefore failed to show the existence of a material fact question on his gender discrimination claim, and Defendant is entitled to judgment as a matter of law.

A̲G̲E̲ D̲I̲S̲C̲R̲I̲M̲I̲N̲A̲T̲I̲O̲N̲ C̲L̲A̲I̲M̲:

The Age Discrimination in Employment Act provides that "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1) (Law. Co-op. 1990). To prevail on a claim of age discrimination, "a plaintiff must prove intentional discrimination." *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 149 (5th Cir. 1995), *reh'g denied*, *cert. denied*, 516 U.S. 1047, 116 S. Ct. 709, 133 L.Ed.2d 664 (1996). A plaintiff may prove his case either by direct evidence, statistical proof, or the McDonnell Douglas test. "'Direct evidence is evidence which, if believed, proves the fact of [intentional discrimination] without inference or presumption.' Direct evidence includes any statement or written document showing a discriminatory motive on its face." *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328-29 (5th Cir. 1994) (citations omitted).

Penman claims that his age discrimination claim is supported by direct evidence. According to Penman, Page told him on four occasions that "he was 'too old' for the job of Revenue Officer." (Pl.'s Br., p. 7.)

As set forth above, to determine whether a comment is sufficient evidence of discrimination, the Court must consider whether the comment is "'1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the terminations;

3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue.'" *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 222-24 (5th Cir. 2001), *quoting Krystek v. Univ. of S. Miss.,* 164 F.3d 251, 256 (5th Cir. 1999) (alteration in original) (*quoting Brown v. CSC Logic, Inc.,* 82 F.3d 651, 655 (5th Cir.1996).  The comment is clearly related to the protected class of persons of which Penman is a member.  In addition, the comment was made on four occasions, one of which was right before Penman's dismissal.  The comment was made by Page who had authority over the decision of whether to promote Penman.  Lastly, the comment was related to the employment decision because she said that he could not do the job of Revenue Officer because of his age.  Page's comment is therefore sufficient evidence of age discrimination.  *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 315 (5th cir. 2004) (comment by plaintiff's supervisor that he was "too old" is evidence of age discrimination).  Page's comment "preclude[s] summary judgment because a rational finder of fact could conclude that age played a role in [Page's] decision to [not promote Penman]." *Rachid*, 376 F.3d at 315-16.  Therefore, the Defendant's motion for summary judgment on Penman's age discrimination claim must be denied.

     **IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Defendant, John W. Snow, Secretary of the Department of the Treasury, for Summary Judgment [33] should be, and is hereby **GRANTED** on the Plaintiff's Title VII claims of race and gender discrimination.

     **IT IS FURTHER ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Defendant, John W. Snow, Secretary of the Department of the Treasury, for Summary Judgment [33] should be, and is hereby **DENIED** on the Plaintiff's ADEA claim.

**IT IS FURTHER ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Defendant, John W. Snow, Secretary of the Department of the Treasury, for Summary Judgment [33] should be, and is hereby **GRANTED** on the Plaintiff's hostile working environment claim and his state law claims of infliction of emotional distress and negligent hiring/retention.

**SO ORDERED AND ADJUDGED** this the 4th day of May, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE